IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANET MASON, | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-2697-N-BK |
| | § | |
| BANK OF AMERICA HOME LOANS, | § | |
|        Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* complaint asserting Defendant Bank of America Home Loans wrongfully foreclosed on her house, denied her the opportunity "to save [her] home with a bankruptcy," and trashed her personal belongings. (Doc. 3). Simultaneously, Plaintiff filed a motion to proceed *in forma pauperis*, which she has now amended. (Docs. 4, 9). For the reasons that follow, it is recommended that both motions to proceed *in forma pauperis* be denied.

**I. BACKGROUND**

On July 15, 2013, the Court concluded Plaintiff's motion to proceed *in forma pauperis* was insufficient to establish her inability to pay the filing fee, and granted her until no later than July 30, 2013, to pay the $400.00 filing fee. (Doc. 6). The Court noted that Plaintiff earned $5,833 monthly, had not dependents, and claimed $3,522 in monthly expenses. *Id.* By letter dated July 29, 2013, Plaintiff advised that she would not be able to pay the filing fee until August 6, 2013, because she was "in a financial hardship as a result of the wrongful foreclosure and . . . losing half of all [her] belongings." (Doc. 7). On August 22, 2013, due to her failure to pay the filing fee, the Court granted her a final extension to pay the $400 filing fee or submit a motion to proceed *in forma*

*pauperis*, which establishes her inability to pay the $400 fee. (Doc. 8). On August 26, 2013, Plaintiff submitted the revised *in forma pauperis* motion presently at issue. (Doc. 9).

## II. ANALYSIS

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a)(1). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff's revised *in forma pauperis* motion is insufficient to establish that she is unable to pay the filing fee. (Doc. 9). Plaintiff reiterates that she has no dependents and is employed, earning $5,904 per month. *Id.* at 2. She also lists monthly expenses of $4,804, instead of the initial $3,522, which include for the first time $515 for an unspecified motor vehicle, $400 in unspecified installment payments, and $400 in tithes. *Id.* at 4-5. While Plaintiff references an "excessive amount of debt," she fails to provide any details besides the general payments previously noted. *Id.* at 6. Moreover, she briefly alludes to a bankruptcy proceeding, without identifying the case number and its current status. *Id.* at 6. Plaintiff's Chapter 13 Bankruptcy, however, was dismissed on August 13, 2013, for failure to make $1,029 in installment payments. *In re Janet Mason*, No. 13-30679-SGJ-13 (N.D. Tex., Dallas Div., Aug. 13, 2013) (Doc. 33). A review of the docket in that case reveals her counsel filed a motion to vacate the dismissal, however, the motion remains pending. *Id.* (Doc. 35). Therefore, in light of the above information, the Court concludes that Plaintiff has sufficient assets to pay the $400.00 filing fee, and that her motion to proceed *in forma pauperis* should be denied.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motions to proceed *in forma pauperis* (Docs. 4, 9) be **DENIED**, and that this action be **DISMISSED** without prejudice unless Plaintiff tenders the $400.00 filing fee to the District Clerk within fourteen (14) days of the date of filing of this recommendation.

SIGNED September 4, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE